IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs August 6, 2002

## STATE OF TENNESSEE v. CALVIN T. BARHAM

**Direct Appeal from the Circuit Court for Chester County**
**No. 99-027     Roger A. Page, Judge**

---

**No. W2002-00246-CCA-R3-CD - Filed November 19, 2002**

---

Defendant pled guilty to possession of cocaine with intent to sell, a Class C felony. Defendant's motion to suppress evidence was denied by the trial court. Defendant claimed that evidence found on him was the result of an illegal search and should have been suppressed. The suppression issue was certified for review. We affirm the trial court and hold the evidence was properly admissible.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and THOMAS T. WOODALL, JJ., joined.

George Morton Googe, District Public Defender, and Vanessa D. King, Assistant Public Defender, for the appellant, Calvin T. Barham.

Paul G. Summers, Attorney General and Reporter; Angele M. Gregory, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Shaun A. Brown, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### Facts

A Henderson police officer made a night traffic stop of a car in which defendant, Calvin T. Barham, was a passenger. The stop was made due to a defective tail light. After being pulled over, the driver of the car exited and walked to the officer's patrol car, where the driver was issued a verbal warning for the defective light. After noticing some "nervous" movements by the passengers in the car, the officer asked the driver for his consent to search the car. The driver consented. The officer then conducted a pat-down of the remaining passengers as they exited the car. At this time, no contraband was found on the passengers or in the car. As the passengers returned to the car, the officer noticed defendant's shoe was untied, which led the officer to believe defendant could have

contraband in his shoe. The officer asked defendant if he had anything in his shoe, and defendant stated he did not. The officer then asked defendant, "Well, do you want to take your shoe off?", and defendant immediately kicked off his shoes, revealing two small packages containing marijuana and two small bags containing cocaine. The officer then placed defendant under arrest.

Defendant was indicted for felonious possession of cocaine, Tenn. Code Ann. § 39-17-417(a)(4). His motion to suppress the evidence found on him as the result of an illegal search was denied. He subsequently entered a best-interest[1] guilty plea, certifying a question of law as to the denial of his motion to suppress. This Court dismissed his appeal for failure to properly certify the question, and our supreme court denied his application to appeal. See State v. Barham, No. W2000-00871-CCA-R3-CD, 2001 Tenn. Crim. App. LEXIS 368, (May 15, 2001, at Jackson), perm. to appeal denied (Tenn. Oct. 29, 2001). Defendant then filed for post-conviction relief, which was granted by the trial court, as the trial court concluded his guilty plea had not been made knowingly, willfully or voluntarily. Defendant then re-entered his guilty plea and made a proper certification of the following question for this appeal:

> [W]hether law enforcement seized the defendant in violation of his constitutional rights without having a reasonable suspicion supported by specific and articulable facts to stop the defendant, whether the frisk complied with Terry v. Ohio, 392 U.S. 1 (1968), and whether the consent search was voluntary...

**Motion to Suppress Hearing**

The arresting officer testified at the original suppression hearing that he stopped the car in question due to a defective brake light. He indicated the driver appeared nervous as he walked from the car towards the officer. Seeing movement in the car, the officer asked and was given consent from the driver to search the car. Subsequently, the passengers exited the car and were frisked by the officer. The officer indicated he found no contraband during the frisks of the passengers nor did he find any contraband in the car. He indicated that after the search, as the passengers were preparing to leave, he noticed defendant's shoe was untied. With the movement in the car, this drew his attention as he perceived it as unusual. He testified that, from his training and experience, a shoe was a common hiding place for contraband. He stated that he then asked if defendant had anything in his shoe, and defendant answered that he did not. The officer then said to defendant, "Well, do you want to take your shoe off?", at which time he said defendant kicked off both his shoes, and drugs fell from the shoes onto the street. The officer testified he found two small brown "paper-towel"- like bags and two smaller cellophane bags, which lab tests later confirmed to be marijuana and cocaine. He said he then arrested defendant. The officer further stated there were three other officers at the scene and that at least one of them witnessed the drug recovery.

---

[1] A best interest guilty plea, otherwise known as an "Alford Plea," North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), allows a defendant to plead guilty while maintaining innocence if he deems the evidence is such that a guilty plea may be the best option. Such pleas are specifically accepted in Tennessee, Dortch v. State, 705 S.W.2d 687, 688 (Tenn. Crim. App. 1985).

On cross-examination, the arresting officer admitted he initiated the traffic stop due to the defective tail light and that the presence of the other officers at the scene was a safety precaution. He had not specifically called them. He stated he had received consent from the driver to search the vehicle, but he had not received consent from the passengers for the searches upon them. He admitted to finding nothing during the original pat-down of the passengers. The officer stated that defendant voluntarily removed his shoes in response to the statement, "Well, do you want to take your shoe off?"

In sum, defendant argues that the evidence found as a result of the removal of his shoes was the result of an involuntary search. He contends the removal of the shoe was coerced, based on the totality of the circumstances as they existed the night of the traffic stop.

The trial court found there had been articulable facts given, rising to a reasonable suspicion, to allow the initial stop. It determined the question to be whether defendant's removal of his shoes was voluntary. Based on the testimony heard at the suppression hearing, accompanied with weighing the credibility of the witnesses, the trial court found defendant voluntarily removed his shoes and, therefore, denied the motion to suppress.

**Standard of Review**

Unless the evidence contained in the record preponderates against them, the findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this Court. State v. Ross, 49 S.W.3d 833, 839 (Tenn. 2001). The trial court, as the trier of fact, is able to assess the credibility of the witnesses, determine the weight and value to be afforded the evidence, and resolve any conflicts in the evidence. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). However, this Court is not bound by the trial court's conclusions of law. State v. Simpson, 968 S.W.2d 776, 779 (Tenn. 1998). The application of the law to the facts found by the trial court is a question of law that this Court reviews *de novo*. State v. Daniel, 12 S.W.3d 420, 423 (Tenn. 2000). Defendant has the burden of establishing that the evidence contained in the record preponderates against the findings of fact made by the trial court. Braziel v. State, 529 S.W.2d 501, 506 (Tenn. Crim. App. 1975).

A warrantless search is presumed unreasonable under both the federal and Tennessee constitutions, and evidence seized from the warrantless search is subject to suppression unless the State demonstrates by a preponderance of the evidence that the search was "conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." Simpson, 968 S.W.2d at 780, (Tenn. 1998); see Coolidge v. New Hampshire, 403 U.S. 443, 454-55, 91 S. Ct. 2022, 2032, 29 L. Ed.2d 564, 576 (1971). Consent to a search is a well founded exception to the need for a warrant. See infra p. 7.

A policeman may make an investigatory stop when the officer has a reasonable suspicion, supported by articulable and specific facts, that a criminal offense has been, or is about to be, committed. Terry v. Ohio, 392 U.S. 1, 21, 88 S. Ct. 1868, 1880, 20 L. Ed. 2d 889, 906 (1968); see also United States v. Arvizu, 534 U.S. 266, 272, 122 S. Ct. 744, 750, 151 L. E. 2d 740, 749 (2002);

Simpson, 968 S.W.2d at 780.  For a court to determine whether a policeman's reasonable suspicion is supported by articulable and specific facts, the court must consider the totality of the circumstances.  Arvizu, 534 U.S. at 272, 122 S. Ct. at 750; Simpson, 968 S.W.2d at 783.  This inquiry includes such factors as objective observations, information obtained from other officers or agencies, information obtained from citizens, and certain offenders' patterns of operation.  Simpson, 968 S.W.2d at 783; State v. Lawson, 929 S.W.2d 406, 408 (Tenn. Crim. App. 1996).

Hence, in determining whether the motion to suppress should have been granted, we will examine the totality of the factors concerning the arresting officer's actions during and at the time of the arrest, will check to see if his actions were supported by articulable facts, and will then make a determination whether we conclude that the totality of the circumstances compels us to disturb the finding of the trial court.

## Analysis

It is clear the officer had a legitimate reason to make the initial traffic stop.  A police officer may make a traffic stop if he has probable cause or reasonable suspicion to believe a traffic violation has occurred.  State v. Vineyard, 958 S.W.2d 730, 734 (Tenn. 1997), citing Whren v. United States, 517 U.S. 806, 809-10, 11 S. Ct. 1769, 35 L. Ed. 2d 89 (1996).  The officer noticed a defective brake light, which is a traffic violation, and he gave articulable and specific facts to support his decision to make the initial stop.  Based on this particular officer's experience, we can find no fault in his decision to initiate the stop.  Nonetheless, even if the traffic stop is legitimate, it is considered a seizure and triggers constitutional protections.  Vineyard, 958 S.W.2d at 734.  As such, in order for a warrantless search to be considered valid, it must be subject to an exception to the warrant requirement.

Subsequent to the initial traffic stop, the driver of the car voluntarily exited the car and, upon being asked by the officer if he could search the car, consented to the search.  Consent is a clear exception to the need for a warrant.  Schneckloth v. Bustamonte, 412 U.S. 218, 220, 93 S. Ct. 2041, 2043-44, 36 L. Ed. 2d 854, 858 (1973).  Defendant presents no evidence nor has any standing to protest the driver's consent of a search of his own car.  Unlike defendant, the driver of the car never raised the issue that his consent was coerced, and defendant lacks standing to object to the search of the driver's car.

After receiving consent to search the car, the police officer conducted a frisk of the remaining passengers as they exited the car.  No evidence was obtained as a result of these frisks.  Absent any evidence being obtained, there is simply no issue here regarding the legitimacy of the frisks. We need not address it further.

After the frisks, as the passengers were preparing to re-enter the car, the police officer noticed defendant's shoe was untied.  He asked defendant if he was hiding anything in his shoe, to which defendant answered he was not.  The officer than asked defendant, "Well, do you want to take your shoe off?"  Defendant responded by immediately "kicking off" his shoes, resulting in the

-4-

incriminating drugs being found. The main issue in this case is whether defendant voluntarily removed his shoes or removed them because he felt coerced. Because the trial court found that defendant removed his shoes voluntarily, the burden is on defendant to present evidence to preponderate against that finding. The existence of consent and whether consent was given voluntarily are questions of fact. State v. McMahan, 650 S.W.2d 383, 386 (Tenn. Crim. App. 1983). We will examine defendant's argument that there was no consent given or that, at the least, any consent given was coerced.

Defendant argues the circumstances surrounding the shoe removal were coercive. He points to State v. Morelock, 851 S.W.2d 838, 840 (Tenn. 1992), for the proposition that a prolonged and extended traffic stop can result in the invalidation of consent. The underlying facts of Morelock, however, indicate a far more coercive atmosphere than the present case. In Morelock, defendant refused to give a police officer consent to open a trunk five times before finally consenting to open it. In the present case, there was one question, "Well, do you want to take your shoe off?", followed by an immediate removal of the shoes. The coercive elements that were found in Morelock are not found in the instant case, making it clearly distinguishable.

In Schneckloth v. Bustamonte, the United States Supreme Court listed a number of factors to be taken into account when assessing the voluntariness of a defendant's consent. 412 U.S. at 226. These factors include defendant's age, education, intelligence, lack of advice regarding constitutional rights, length of detention, whether there was repeated and prolonged questioning, and any use of physical punishment. In the present case, there is nothing presented to indicate defendant's age, education, or intelligence were a factor. There is no evidence he was subject to any physical punishment or to a barrage of repeated questioning. If anything, only the length of detention and lack of advice concerning constitutional rights apply.

Defendant points to State v. Halprin, CCA No. 1079, 1989 LEXIS 180, at *2 (Tenn. Crim. App., filed March 13, 1989, at Knoxville), where this Court held that detaining a defendant longer than necessary for the purpose of the initial traffic stop creates a coercive environment. Yet, in Halprin, the defendant testified he was ordered to open the trunk after having refused consent to do so. This is clearly distinguishable from the instant case where, following the officer's initial request, defendant removed his shoes without protest. Additionally, defendant points to United States v. McCaleb, 552 F.2d 717, 721 (6th Cir. 1976), where the court stated that consent must be proved by clear and positive testimony and must be unequivocal, specific, intelligently given, and uncontaminated by any duress or coercion. However, in McCaleb, the court concluded that the defendant had been improperly stopped and that the DEA agents told him he could consent or remain in detention until a warrant was obtained. In the present case, there was no such coercive environment.

While knowledge of one's rights is a factor in determining voluntariness, such knowledge is not a prerequisite for consent. Schneckloth, 412 U.S. at 249. Furthermore, in order for consent to a search to be considered voluntary, a defendant need not be advised he is free to leave. Ohio v. Robinette, 519 U.S. 33, 117 S. Ct. 417, 136 L. Ed. 2d 347 (1996). The fact that defendant was

unaware he did not have to remove his shoes is not dispositive in this case. It does not vitiate the voluntariness of the act.

## Conclusion

The trial court found defendant voluntarily removed his shoes in response to the police officer's statement. We conclude defendant has not met his burden of showing that the evidence preponderates against that finding. Accordingly, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE